## No. 166

### REED v. CITIZENS NAT. BANK

Ohio Appeals, 1st Dist., Warren Co.

No. 120. Decided Nov. 15, 1926

465. ERROR—Where, in proving a signature upon a note when many signatures are introduced, it is error for court to charge "you are to determine whether the same hand wrote all the signatures", as the issue is whether the specific name was signed.

First Publication of this Opinion

CUSHING, J.

Ben Reed brought an action against the Citizens National Bank as administraor de bonis non, with the will annexed, of the estate of Bert Reed, deceased, to recover $1800 evidenced by a promissory note dated Nov. 2, 1916 due in one year and signed by Bert Reed, less $100, endorsed thereon as having been paid Dec. 4, 1920.

The answer admitted Ben Reed's claim and its disallowance; denied that the deceased was indebted to Ben Reed in the sum of $1800 and further answeirng averred that said Bert Reed did not make, execute, or deliver the note denied the allegations of the answer. The verscribed in Ben Reed's petition. The reply dedict was for the Bank and a proceeding in error was brought to reverse the judgment.

The errors assigned are: the admission in evidence of twelve copies of the note in question, and an equal number of copies of one note that Bert Reed has signed and paid, and the placing of a copy of each in the hands of the jurors before submission of the case and also limiting the evidence as to whether there was any material difference between the signautres on the admitted note and the signatures on the note in question, and also to the charge in which the court said, "with these opinions and the other evidence in the case, you are to say whether the same hand wrote all the signatures." The Court of Appeals held:

1. The one issue in the case, and the only issue the jury was to determine was whether Bert Reed signed the note in question, it not being a question as to whether there was any material difference between the signatures on the emphasized note and the other admitted signatures.

2. Admitted signatures of an individual are not always the same the jury might well have determined that there was a material difference in the sixty odd signatures offered in evidence, and that the same hand did not write them all and that Bert Reed did not sign the note in question.

3. It is argued that the court erred in giving the jurors a photographic copy of the selected note and the one in question and to allow them to retain them throughout the trial. This, though, not held to be error, is not approved.

4. The general rule for edtermining the admissibility of photographic copies is, that they are admitted when same has been accurately taken and are correct representations of the subject in controversy which subject cannot itself be produced, and of such nature as to throw light on the disputed point. Railroad v. De Onzo, 87 OS. 109.

5. The object of all evidence is to clarify and not cloud the issue. In the instant case the signature selected for enlargement and comparison, was more dissimilar to the signature in question than most of the others and this connected with the court's ruling as to material difference and whether the same hand wrote all the signatures was erroneous and prejudicial.

Judgment reversed.

(Buchwalter, PJ., and Hamilton, J., concur.)

Attorneys—Eltzroth, Maple & Maple for Reed; H. W. Ivins for Bank; all of Lebanon.